UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GENNADIY RYBAK,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )          No. 1:18-cv-01802-TWP-TAB
                                         )
ELI LILLY AND COMPANY,                   )
VERONIQUE LUTZ,                          )
RAYMOND MULLER,                          )
                                         )
                    Defendants.          )

**ORDER ADDRESSING DISCOVERY DISPUTE**

The parties appeared by counsel February 21, 2020, for a telephonic status conference to

address a discovery dispute.  The Court heard argument and now issues its order.

Plaintiff Gennadiy Rybak is a former Eli Lilly and Company employee.  Rybak alleges

Lilly terminated him in July 2018 in retaliation for taking leave under the Family and Medical

Leave Act.  He claims his termination violated both the FMLA and the Americans With

Disabilities Act.  Defendants deny any unlawful action and contend Lilly eliminated Plaintiff's

position as part of a reorganization.  Plaintiff served interrogatories and requests for production

that drew numerous objections, as did Rybak's request to depose Lilly CEO Dave Ricks.  The

discovery dispute at issue primarily revolves around the proper scope of this case.  Rybak

contends his termination was related to a voluntary early retirement program ("VERT") in which

approximately 3,500 Lilly employees lost their jobs.  Rybak seeks a variety of information

related to the VERT terminations, including Ricks' deposition.  Lilly does not dispute that a

VERT occurred, or that Ricks had some involvement in the VERT.  Lilly strongly disputes that

Rybak's termination had anything to do with the VERT, or that Ricks was involved in Rybak's

termination. Instead, Lilly contends, Rybak was terminated as part of a "re-allocation" that often occurs at Lilly due to budgetary issues. Therefore, Lilly argues that discovery related to the VERT is irrelevant and not proportional to the needs of the case. Lilly makes the same arguments in an attempt to block Ricks' deposition, and also asserts that requiring Lilly's CEO to be deposed is overkill.

The Court starts with Rybak's request for Ricks' deposition. This is overkill. At this stage, Rybak has nothing linking Ricks to Rybak's termination except the fact that Ricks is Lilly's CEO. Courts generally do not require a company CEO to be deposed as a matter of course in a lawsuit challenging an employee's termination. The employee needs to make a more significant showing to justify such a deposition, though CEOs are far from immune to being deposed. In this case, Lilly has offered Human Resources Consultant Elizabeth Ackley, who Lilly represents has knowledge of the circumstances leading to Rybak's termination. At a minimum, Rybak needs to start with Ackley's deposition. This deposition could raise questions about Rybak's termination that may require additional depositions, including even Ricks'. At this stage, however, there simply is no justification for hauling Ricks in for a deposition.

This conclusion is equally applicable to the vast amount of additional information Rybak seeks. To the extent this information centers on the 3,500 employees terminated as part of the VERT, such discovery is neither relevant to nor proportional to the needs of the case. If Rybak's more focused discovery uncovers a connection between his termination and the VERT, broader discovery may well be appropriate. It is not at this time.

Finally, Rybak seeks information related to Lilly's Disability Affirmative Action Program. Rybak contends he was disabled at the time of his termination and that this program appears to require Lilly to use affirmative action-type efforts to assist Rybak in either not losing

his job or in helping him to find another job at Lilly. Lilly disputes the relevance of this program to the situation at hand. But despite Lilly's protestations, Lilly provided no persuasive rationale why this discovery should not be permitted. Accordingly, Rybak is entitled to discovery regarding this program. This does not open the floodgates for Rybak to request all documents related to the program. But it does permit him to obtain documents and testimony to help explain the program and understand whether he was improperly denied some benefit under the program to which he may have been entitled.

Lilly represented to the Court at the February 21 conference that it possessed additional information that will be supplemented as part of a supplemental discovery response. Lilly shall make this supplementation, which shall include the additional information required by this order, within 21 days. Thereafter, Plaintiff may depose Ackley at a mutually convenient time and place. If Rybak believes this discovery produces new evidence that justifies further expanding the scope of discovery to the VERT terminations or elsewhere, counsel shall meet and confer on the proper scope of any such discovery.

Date: 2/24/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ellen E. Boshkoff
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ellen.boshkoff@faegredrinker.com

Angela N. Johnson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
angela.johnson@faegredrinker.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com